UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 22, 2014

Steven G. Hill
Hill Kertscher & Wharton, LLP
3350 RIVERWOOD PKWY STE 800
ATLANTA, GA 30339-3351

Cary Ichter
Ichter Thomas, LLC
3340 PEACHTREE RD STE 1530
ATLANTA, GA 30326

Appeal Number: 13-12611-DD
Case Style: David Titshaw, et al v. Moe's Southwest Grill, LLC, et al
District Court Docket No: 1:07-cv-00741-RWS

## BY DIRECTION OF THE COURT:

Because this Court is obligated to raise concerns about our subject matter jurisdiction sua sponte, the Court directs all of the parties in the above-referenced case to file supplemental letter briefs, not to exceed 10 pages, addressing the following issues relevant to this case:

- In their initial complaint, the plaintiffs alleged, inter alia, that the defendants violated the Robinson Patman Act, 15 U.S.C. § 12 et seq. See Dkt. No. 1 at 26. Subsequently, the plaintiffs filed a first amended complaint and a second amended complaint, neither of which alleged a violation of the Robinson Patman Act or any other federal statutory cause of action. See Dkt. Nos. 83, 94.

  Confirm that the second amended complaint, Dkt. No. 94, is the only operative complaint. If the second amended complaint is not the only operative complaint, explain what complaint(s) is operative and why.

- Confirm that the operative complaint contains no federal law cause of action.

- Explain this Court's basis for subject matter jurisdiction. In particular—if the operative complaint contains only state law causes of action and given that the parties are not diverse—explain how this Court has subject matter jurisdiction under the substantial-federal-question doctrine. See, e.g., Empire Healthchoice Assur., Inc. v. McVeigh, 547

U.S. 677, 700-01, 126 S. Ct. 2121, 2136-37 (2006); Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005); Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290 (11th Cir. 2008); see also Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285 (11th Cir. 2004); Ayres v. Gen. Motors Corp., 234 F.3d 514 (11th Cir. 2000).

Among other things, explain whether and how the federal question embedded in the state law claims, if any, is (1) "substantial" within the meaning of Empire Healthchoice and Grable, (2) presents a "disputed" and "nearly pure issue of [federal] law," (3) is not "fact-bound and situation-specific," (4) is dispositive of the claims in this case, and (5) "would be controlling in numerous other cases." See Empire Healthchoice, 547 U.S. at 700-01, 126 S. Ct. 2137.

- Confirm that neither 16 C.F.R. § 463.1 nor any associated U.S. Code provision provides a federal private cause of action. And, if so, explain why the absence of a cause of action is not highly relevant to Congress's judgment concerning the proper balance between state and federal jurisdiction. See Grable, 545 U.S. at 318, 125 S. Ct. 2370.

The parties should prepare their letter briefs concurrently, with both briefs filed electronically no later than noon on Thursday, May 1, 2014.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Elora E. Jackson, DD
Phone #: (404) 335-6173

MP-1